UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHELIA BOBBITT, MISTY LATURNUS,
SONYA PARKER, KIMBERLY DAVIS,
TERRIE BUCHANAN, SHERITA FRAZIER,
NICOLE ROSSITER, LONJA DAVIS and
DIANE POHL, on behalf of themselves and a
class consisting of all those similarly situated,

       Plaintiffs,        CIVIL ACTION NO. 07-10742

  v.       DISTRICT JUDGE DAVID M. LAWSON

ACADEMY OF COURT REPORTING,    MAGISTRATE JUDGE VIRGINIA MORGAN
REPORTING INC., and DELTA CAREER
EDUCATION CORPORATION,

       Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S
## MOTION FOR ORDER REMEDYING PRIOR COMMUNICATIONS
## BY DEFENDANTS WITH PUTATIVE CLASS MEMBERS

This matter comes before the court on Plaintiff's Motion for Order Remedying Prior Communications by Defendants with Putative Class Members filed August 8, 2008 (D/E 188) and defendant's response. Oral argument was held before the magistrate judge. The court notes that the district judge has scheduled a hearing on defendants' motion to decertify the class for November 17, 2008. Therefore, after considering the pleadings, the arguments of counsel, and the pending motions, and for the reasons stated on the record and as further clarified herein, IT IS ORDERED THAT THE MOTION IS GRANTED IN PART.

IT IS FURTHER ORDERED that on or before November 4, 2008, plaintiff ascertain in some form (mailing, on-line registration, or otherwise) which, if any, students claim that they meet the second part of the class criteria. Plaintiff is directed to prepare a summary of those responses for the court and defense counsel. Any student who so claims may not be contacted by defense counsel, and if the proportion of the students claiming membership in the class is significantly large, the court may order further limitation on class communications, or if it is significantly small, the court may make other appropriate orders. In the interim, neither defense counsel nor anyone acting on his behalf shall have contact with the putative class members.

*A. Analysis*

The class was certified, or at least conditionally certified, by Judge Lawson on May 1, 2008, and the class definition later clarified in a subsequent order. The latter order of certification, entered May 5, 2008 (D/E 107), described the class as follows:

> A class of all individuals who started or continued in a paralegal, court reporting, or private investigation program requiring completion of more than 100 credits at the Academy of Court Reporting in Michigan at any time from 2000 to present, and who either (a) were told by Academy officials prior to enrollment that they could earn a Michigan associate's degree, or (b) were presented with a purported associate's degree by the Academy.

In the motion, plaintiff asks the court to prevent defense counsel from speaking with any of the 3000 persons to whom the notice of class action was mailed, at least through the opt-out period which closes on or about September 26, 2008. Plaintiff submits that the individuals are class members and he represents them. Thus, it is improper for defendant to have contact with them as they are represented parties. See, Michigan Rules of Professional Conduct, Rule 4.2, Fed.R.Civ.P. Rule 23. Defendant submits that the mailing was essentially overly broad, in that it

was mailed to all persons who were enrolled in the applicable programs and who therefore may be class members. However, until they meet the second part of the criteria, i.e., claim that representations were made to them by defendant or that they received a "Michigan Associates Degree," they are not class members. Thus, contact with those persons who do not meet the criteria would not be prohibited.

The notice to class members was mailed out to all individuals who met the first portion of the definition, without regard as to whether they claimed that they met either the (a) or (b) criteria. Defendant states that some individuals who received the mailing or were otherwise aware of the lawsuit have contacted defendants and "repudiated material portions of his or her declaration that had been signed under oath" regarding their fulfilment of the (a) or (b) criteria. Plaintiffs dispute this and argue that the students were misled by the defendants. They seek to prevent any further contacts.

Federal Rule of Civil Procedure Rule 23 provides that the court has the authority to control communications with the class before and after class certification. A court has the duty to restrict communications that threaten to interfere with the proper administration of a class action and to restrict conduct that abuses the right of the members of the class. The court may enjoin communications with class members to protect them from undue interference. In Re McKesson HBOC Inc. Securities Litigation, 126 F. Supp. 2d 1239, 1242 (N.D. CA 2000). Courts have acknowledged that unsupervised oral communications by the party opposing the class can lead to distorted statements and/or coercion of susceptible individuals. Ohralik v. Ohio State Bar Association, 436 U.S. 447, 457 (1978), quoted in Kleiner v. First National Bank of

Atlanta, 751 F.2d 1193, 1203 (N.D. GA 1985). Plaintiff submits that this is happening or is likely to happen in the instant case. Thus, plaintiff seeks to preclude contact.

Defendant, on the other hand, believes that the class should be decertified because it was based on representations made by class counsel that the Academy uniformly and systematically made oral representations, during one-on-one meetings with admissions personnel, that students could earn a Michigan Associate's Degree if they enrolled in certain programs. Communications from several students have demonstrated to defendant that this is not so, and that a class action is not the appropriate manner in which to adjudicate the plaintiffs' claims against defendant. See, Matarazzo v. Friendly Ice Cream Corp., 62 FRD 65, 69 (E.D. NY 1974). Further, orders limiting communication are cautiously, rarely, and carefully entered. See, Gulf Oil Co. v. Bernard, 452 U.S. 89, 100-104 (1981); Koster v. Chase Manhattan Bank, 93 FRD 471, 476 (S.D. NY 1982).

In this case, unless the individual meets both tests for inclusion in the class–enrollment and being advised of or receiving a Michigan Associate's Degree–the person is not a member of the class. The initial notice to the purported class members was sent to the universe of persons who may be members, but did not make any effort to identify the particular subset of enrollees who met the (a) or (b) criteria. Defendant has now proffered information to raise the question of whether the class meets the requirements of Rule 23. While plaintiff disputes this, it is now plaintiff's responsibility because plaintiff seeks to prevent defendant from undertaking to gather this information. The identification of the subset of individuals who are class members should be done as soon as possible by plaintiff so as to protect the due process rights of the defendant and to enable the court to have sufficient information to decide the motion to decertify.

Therefore, IT IS ORDERED that plaintiff undertake forthwith to identify the class members from the 3000 students. That is, specifically those who meet the (a) or (b) criterial of Judge Lawson's May 5, 2008 Order. The identification shall be made on or before November 4, 2008.

So Ordered.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: September 18, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 18, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan