UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHELIA BOBBITT, MISTY LATURNUS,
SONYA PARKER, KIMBERLY DAVIS,
TERRIE BUCHANAN, SHERITA FRAZIER,
NICOLE ROSSITER, LONJA ALLEN, and
DIANE POHL, and all others similarly situated,                Case Number 07-10742
a Certified Class,                                            Honorable David M. Lawson

                        Plaintiffs,

v.

ACADEMY OF COURT REPORTING, INC.,
and DELTA CAREER EDUCATION CORP.,

                        Defendants.

_____/

**CORRECTED ORDER GRANTING IN PART MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AND AUTHORIZING NOTICE TO CLASS MEMBERS**

This matter is before the Court on the plaintiffs' motion for preliminary approval of class

action settlement and approval of the proposed class notice. On June 29, 2009, the parties informed

the Court that they have negotiated a tentative settlement agreement. On July 10, 2009, the plaintiffs

filed a motion to approve the settlement agreement and the proposed class notice of settlement.

The proposed settlement agreement allies to the following class: all individuals who started

or continued in a paralegal, court reporting, or private investigation program requiring completion

of more than 100 credits at the Academy of Court Reporting in Michigan at any time from 2000 to

present, and who either (a) were told by Academy officials prior to enrollment that they could earn

a Michigan associate's degree, or (b) were presented with a purported associate's degree by the

Academy. The proposal consists of four components. First, it provides for cash payments to

individual class members from a common fund of $7.8 million established by the defendants. The

parties contemplate that the common fund will be divided between the class members equally, so that each member's recovery will represent a sum of between 20% to 125% of the amount of tuition paid by a member to defendant Academy of Court Reporting (Academy).  Second, any former student of the Academy who left before completing the program will receive tuition discounts of up to $2,000 to complete the program.  Third, those students who have graduated from the Academy's two-year program may pursue a bachelor's degree at Miller-Motte College in North Carolina, a four-year college operated by defendant Delta Career Education Corporation (Delta), and receive credit for two full years of college and enroll as juniors.  Fourth, students who choose to enroll at Miller-Motte College as juniors will receive a 25% discount on their tuition for the remaining two years.

The settlement also contemplates that all disputes concerning the amount of tuition paid by individual class members will be submitted to Garden City Group, Inc., which shall serve as a claims administrator.  Garden City Group will consider any disputes as to the amount of tuition paid by an individual student and will make the final determination as to each class member's proportionate share of the settlement fund.

The Federal Rules of Civil Procedure require court approval of settlements in class actions. Fed. R. Civ. P. 23(e).  Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Rule 23(e)(2) states that a settlement that would bind class members may be approved "only after a hearing and on finding that it is fair, reasonable, and adequate."  "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1), and "[a]ny class member may object to the proposal if it requires court approval under" Rule 23(e), Fed. R. Civ. P. 23(e)(5).  The approval of a proposed settlement ordinarily involves a

two-stage procedure. "First, counsel submit the proposed terms of [the] settlement and the judge

makes a preliminary fairness evaluation. . . . Once the judge is satisfied as to the . . . results of the

initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal

Rule 23(e) fairness hearing is given to the class members." Manual for Complex Litigation (Fourth)

§§ 21.632-.633 (2004); *see also Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559,

565-66 (6th Cir. 2001).

In deciding whether to approve a class action settlement, the "ultimate issue" for the Court

is whether the proposed settlement "is fair, adequate and reasonable." *Williams v. Vukovich*, 720

F.2d 909, 921 (6th Cir. 1983). District courts must "appraise the reasonableness of particular class-

action settlements on a case-by-case basis, in the light of all the relevant circumstances." *Evans v.

Jeff D.*, 475 U.S. 717, 742 (1986). "Several factors guide the inquiry: (1) the risk of fraud or

collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of

discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of

class counsel and class representatives; (6) the reaction of absent class members; and (7) the public

interest." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. General

Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citation omitted).

The present action has been pending for approximately two years, and the issues, including

the propriety of class certification, have been vigorously contested. The parties have represented

that the proposed settlement has resulted from extensive negotiations that were advanced with the

help of a private, neutral facilitator. The Court believes that the risk of fraud or collusion among the

parties is minimal. There are several motions presently pending that attack the merits of the case

and the class certification. Although extensive discovery has taken place, additional discovery is

contemplated. A trial on the issues, which may include the level of detrimental reliance by individual class members, likely would be complicated and expensive for both sides. The merits of the claims have been robustly disputed, but the Court observes that the plaintiff's claims have survived motions to dismiss, and the amount of the proposed settlement suggests that the defendants take seriously the risk of an adverse judgment. Although there has not yet been a reaction from the absent class members, class counsel and the class representatives assert that the settlement is in the best interest of the class as a whole.

The Court has reviewed the motion and the proposed settlement agreement. The proposed settlement appears to be a result of arm's-length negotiation that is likely to be in the best interest of class members. Based on the submissions to date, the settlement appears to be fair, reasonable, and adequate. However, the Court reserves the determination regarding the attorney's fees and costs incurred by the plaintiffs to a later time, as contemplated by Rule 23(h) and Rule 54(d)(2) of the Federal Rules of Civil Procedure.

The Court finds, however, that the notice deadlines and certain procedures contained in the specimen notice attached to the motion require modification. The Court also finds that absent putative class members who have opted out of the class should be given general notice and an opportunity to opt in to the settlement class, although they shall not be automatically included and burdened with an additional obligation to opt out a second time. *See Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 935 (E.D. Mich. 2007).

Accordingly, it is **ORDERED** that the plaintiffs' motion for preliminary approval of class action settlement agreement and approval of class notice [dkt # 275] is **GRANTED in part** and the

proposed settlement agreement is **PRELIMINARILY APPROVED**, except for the determination of attorney's fees and costs.

It is further **ORDERED** that the members of the settlement class who desire to be excluded from the settlement must notify the Court by proper filing on or before **September 18, 2009.**  All persons who timely requested exclusion from the litigation class under the Court's prior orders shall be deemed to have requested exclusion from the settlement class unless such person who opted out of the litigation class submits a request for payment from the settlement fund on or before the date noted above.

It is further **ORDERED** that all named parties to this lawsuit and all counsel for the parties must file a statement identifying any agreement made in connection with the settlement proposal, as required by Federal Rule of Civil Procedure 23(e)(3), **on or before August 1, 2009**, and must include such statements in the notice of proposed settlement described below.

It is further **ORDERED** that class counsel shall publish a notice, substantially in the form attached under attachment 1 to the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, except for the modifications resulting from this order, in a newspaper of general circulation in the Detroit metropolitan area once per week for two weeks.  Class counsel shall also cause the notice, substantially in the form attached under Tab 1 to the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, except for the modifications resulting from this order, to be sent to the class members and all persons meeting the class definition who opted out of the litigation class by first-class mail.  Both notices shall explain that any objections to the settlement agreement must be filed on or before **September 18, 2009.**

It is further **ORDERED** that class counsel shall fulfill these notice obligations on or before **August 7, 2009**. Prior to the fairness hearing, class counsel shall serve with the Court a sworn statement certifying compliance with the provisions of this order concerning the publication and mailing of notices to members of the settlement class.

It is further **ORDERED** that a hearing shall be held at **11:00 a.m.** on **October 6, 2009** in Room 860 of the Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Detroit, Michigan 48226, to consider any objections to the settlement agreement and to determine whether the settlement agreement should be finally approved as having been negotiated in good faith and as being fair, reasonable, and in the best interest of class members.

It is further **ORDERED** that class counsel shall be responsible for maintaining a file of all responses to the notice of settlement and any and all other written communications received from the class members. Class counsel shall immediately provide such responses and communications to the defendants' counsel.

It is further **ORDERED** that if an appearance is filed and served as set forth below, any members of the settlement class may appear at the settlement hearing in person or by counsel and be heard to the extent allowed by this Court, either in support of or in opposition to the good faith, fairness, reasonableness, and adequacy of the proposed settlement; however, no person shall be heard in opposition to the proposed settlement agreement or to the requested designation of class counsel's attorney's fee, and no pleadings submitted by any such person shall be accepted or considered by this Court unless, on or before **September 18, 2009**, such person: (a) has filed with the Clerk of Court a notice of such person's intention to appear, together with a statement that indicates the basis for such opposition along with any supporting documentation, and (b) has served

copies of such notice, statement, and documentation, together with copies of any other pleadings that such person has filed with the Court upon class counsel at the Googasian Law Firm, 6895 Telegraph Road, Bloomfield Hills, Michigan 48301, and upon defendants' counsel, Norman C. Ankers, Esq., Honigman Miller, 2290 First National Building, 660 Woodward Ave., Detroit, Michigan 48226.

It is further **ORDERED** that this Court reserves the right to adjourn the settlement hearing from time to time without further notice and to approve the settlement agreement at or after the settlement hearing.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 22, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 22, 2009.

s/Lisa M. Ware
LISA M. WARE

---