UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHELIA BOBBITT, MISTY LATURNUS,
SONYA PARKER, KIMBERLY DAVIS,
TERRIE BUCHANAN, SHERITA FRAZIER,
NICOLE ROSSITER, LONJA ALLEN, and
DIANE POHL, and all others similarly situated,     Case Number 07-10742
a Certified Class,                                 Honorable David M. Lawson

          Plaintiffs,
v.

ACADEMY OF COURT REPORTING, INC.,
and DELTA CAREER EDUCATION CORP.,

          Defendants.
_____/

## ORDER GRANTING IN PART THE DEFENDANTS' MOTION TO AMEND THE COURT'S JULY 22, 2009 ORDER AND PERMITTING PARTIES TO USE ABBREVIATED SETTLEMENT NOTICE IN PUBLICATION

The matter is before the Court on the defendants' motion to amend the Court's Corrected Order Granting in Part Motion for Preliminary Approval of Class Action Settlement and Authorizing Notice to Class Members. In their motion, the defendants request the Court to relax the notice requirements contained in the Court's July 22, 2009 order and relieve the parties of the requirement that they publish a notice of the settlement in a newspaper of general circulation in the Detroit metropolitan area once per week for two weeks. The defendants state that limiting the notice to first-class mail was a component of the settlement between the parties and should therefore be honored. The plaintiffs concur in the defendants' request to eliminate the requirement of notice by publication or, in the alternative, request that the Court approve the publication of an abbreviated notice that the plaintiffs propose.

Rule 23(e)(1) of the Federal Rules of Civil Procedure requires the Court to direct "notice in a reasonable manner to all class members who would be bound by the [settlement] proposal." The Due Process Clause imposes a requirement that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford then an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Court concluded in its July 22, 2009 order that a notice sent by first-class mail and repeated through publication would satisfy these basic demands.

The plaintiffs' attorneys have informed the Court that about four percent of the notices sent to known absent class members by first-class mail have not reached their intended recipients. The Court concludes, therefore, that notice by first-class mail alone would not be sufficient to inform class members of the settlement. The defendants' desire to avoid adverse publicity must not trench upon the demands of the Due Process Clause. However, the Court views the alternative notice proposed by the plaintiffs as sufficient to comprise due process. Therefore, it will order publication of that abbreviated notice in a newspaper of general circulation in the Detroit metropolitan area once per week for two weeks.

Accordingly, it is **ORDERED** that the defendants' motion to amend the Court's July 22, 2009 order [dkt. # 278] is **GRANTED in part**. The plaintiffs still must publish notice of the settlement in a newspaper of general circulation in the Detroit metropolitan area once per week for two weeks, but they may use an abbreviated notice contained in the plaintiffs' response to the defendants' motion to amend instead of the notice contained in attachment 1 to the Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

        s/David M. Lawson  
        DAVID M. LAWSON  
        United States District Judge

-3-

Dated: August 6, 2009

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 6, 2009.
>
> s/Lisa M. Ware
> LISA M. WARE