UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHELIA BOBBITT, MISTY LATURNUS,
SONYA PARKER, KIMBERLY DAVIS,
TERRIE BUCHANAN, SHERITA FRAZIER,
NICOLE ROSSITER, LONJA ALLEN, and
DIANE POHL, on behalf of themselves and                    Case Number 07-10742
a class of all those similarly situated,                   Honorable David M. Lawson

                        Plaintiffs,

v.

ACADEMY OF COURT REPORTING, INC.,
and DELTA CAREER EDUCATION CORP.,

                        Defendants.
_____/

## ORDER GRANTING CLASS COUNSEL'S MOTION
## FOR ATTORNEY'S FEES AND COSTS

On October 6, 2009, the Court held a fairness hearing and approved a proposed class action

settlement in this matter.  Class Counsel had filed a motion for attorney's fees and non-taxable costs

under Federal Rules of Civil Procedure 23(h) and 54(d)(2), requesting attorney's fee in the amount

of $2.5 million plus $169,165.76 for reimbursement of the past costs of litigation advanced by

counsel up to date and future settlement administration costs not to exceed $100,000, all to be paid

from the $7.8 million common fund generated by the settlement.

Rule 23 governs for the award of attorney's fees to class counsel.  It states:

In a certified class action, the court may award reasonable attorney's fees and
nontaxable costs that are authorized by law or by the parties' agreement. The
following procedures apply:
(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the
provisions of this subdivision (h), at a time the court sets. Notice of the motion must
be served on all parties and, for motions by class counsel, directed to class members
in a reasonable manner.

(2) A class member, or a party from whom payment is sought, may object to the motion.
(3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).
(4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).

Fed. R. Civ. P. 23(h).

Class Counsel included its request for attorney's fees and costs in the plaintiffs' motion for preliminary approval of class action settlement and approval of class notice filed on July 10, 2009. In the notice approved by the Court, Class Counsel notified absent class members that they would be seeking an award of attorney's fees and costs during the fairness hearing:

> Class Counsel will ask the Court for reimbursement of expenses incurred in connection with prosecution of this action in the approximate amount of $275,000. This includes approximately $140,000 in expenses already incurred plus expenses expected to be incurred in connection with administration of the settlement. Class Counsel will also ask the Court to approve payment of up to thirty-three percent (33%) of the Total Settlement Fund, less these expenses, to them for attorneys' fees. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts.

Settlement Notice at 6. The notice was provided to known absent class members by first-class mail and also was published in accordance with the Court's orders. The Court finds that notice of the request for attorney's fees and costs has been "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1).

The commentary to Rule 23(h) states that "[t]his subdivision does not undertake to create new grounds for an award of attorney fees or nontaxable costs. Instead, it applies when such awards are authorized by law or by agreement of the parties." Advisory Committee Notes, 2003 amendments to Fed. R. Civ. P. 23(h). The commentary also notes:

> Courts have also given weight to agreements among the parties regarding the fee motion, and to agreements between class counsel and others about the fees claimed

by the motion. Rule 54(d)(2)(B) provides: "If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made." The agreement by a settling party not to oppose a fee application up to a certain amount, for example, is worthy of consideration, but the court remains responsible to determine a reasonable fee. "Side agreements" regarding fees provide at least perspective pertinent to an appropriate fee award.

*Ibid.*

The Court may award the costs of the administration of the settlement from the settlement funds.  Newberg on Class Actions § 11:39, p. 86.  The amount of attorney's fees must be "reasonable under the circumstances."  *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).  Although given broad discretion, the district court must nevertheless explain its reasoning behind approving or rejecting a particular attorney's fees award.  *Moulton v. U.S. Steel Corp.*, — F.3d —, 2009 WL 2997921, at *6 (6th Cir. Sept. 22, 2009).  Often, that explanation boils down to addressing such factors as "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides."  *Ibid.* (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

The Court made findings on each of these factors on the record at the motion hearing on October 6, 2009.  The Court notes that class counsel undertook to represent the plaintiffs on a one-third contingency basis.  The amount of attorney's fees requested represents less than one-third of the $7.8 million common fund created by the litigation, less the expenses.  The class counsel expended more than 3,400 hours preparing and litigating these claims; the plaintiffs' counsel was aided by a paralegal, who spent more than 600 hours working on the matter, and an associate, who

spent more than 1,800 hours working on this case.  The plaintiffs' counsel has been present at 37 depositions; has reviewed more than 83,000 pages of documents exchanged by the parties; has issued 477 interrogatories and document requests; and has responded to an additional 359 questions. The parties issued 51 third-party document and deposition subpoenas, and have filed 38 motions, two of which were argued in the court of appeals.

Moreover, despite the opportunity to do so, no class member objected to class counsel's request for attorney's fees and costs.  On October 6, 2009, the Court heard the oral argument on this subject, and found that the amount of attorney's fees that counsel requested, as well as the amount of the costs sought, were reasonable under the circumstances for the reasons stated on the record.

Accordingly, it is **ORDERED** that class counsel's motion for attorney's fees and costs [dkt #287] is **GRANTED**.

It is further **ORDERED** that the class counsel's request for an award of $2.5 million in attorney's fees is **GRANTED**.

It is further **ORDERED** that class counsel's request for reimbursement for the past costs of litigation in the amount of  $169,165.76 is **GRANTED.**  In addition, the Court approves the reimbursement of future expenses that class counsel might incur in distributing the settlement proceeds and completing the litigation, but not to exceed $100,000.  If the remaining administration costs exceed $100,000, class counsel and the claims administrator Garden City Group shall remain responsible for completion of the administration of the claims and distribution of the funds, but they may not invade the settlement fund for further reimbursement.

It is further **ORDERED** that any unused portion of the $100,000 allotted to cover remaining costs under the preceding paragraph shall be repaid to the common fund and be distributed to the claimants in accordance with the distribution formula contained in the settlement agreement.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 15, 2009

<div style="border:1px solid black; background:#ccc; padding:1em;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 15, 2009.

s/Lisa M. Ware
LISA M. WARE

</div>