UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHELIA BOBBITT, MISTY LATURNUS,
SONYA PARKER, KIMBERLY DAVIS,
TERRIE BUCHANAN, SHERITA FRAZIER,
NICOLE ROSSITER, LONJA ALLEN, and
DIANE POHL, on behalf of themselves and          Case Number 07-10742
a class of all those similarly situated,                   Honorable David M. Lawson

           Plaintiffs,

v.

ACADEMY OF COURT REPORTING, INC.,
and DELTA CAREER EDUCATION CORP.,

           Defendants.
_____/

### ORDER DENYING EDDIE DONAHOO'S MOTION FOR RELIEF

The plaintiffs in this case, current and former students at the Michigan campus of the Academy of Court Reporting (Academy), brought suit against the defendants, the Academy and its parent company, Delta Career Education Corporation (Delta), on a theory of fraud. The plaintiffs alleged that the Academy duped them into enrolling into programs for court reporting and other law-related vocations by representing that it would confer upon them associate's degrees, when it in fact had no authority to confer such degrees. The plaintiffs also alleged that the Academy misrepresented to them graduation and job placement rates and salary figures. The Court certified the matter as a class action on May 1, 2008, and after reaching a tentative settlement, the parties moved for preliminary approval of the settlement on July 10, 2009. On July 22, 2009, the Court entered a corrected order granting preliminary approval of the settlement agreement, directing that notice be given to known class members by first-class mail and by publication on or before August 7, 2009. Absent class members were given until September 18, 2009 to submit claims and until August 28,

2009 to opt out of the settlement or file objections. Class counsel certified that they fulfilled the Court's notice requirements. On October 6, 2009, the Court held a fairness hearing and approved the proposed class action settlement, which established a $7.8 million cash common fund for the class to be distributed after payment of attorney's fees and non-taxable costs. On October 15, 2009, the Court granted class counsel's motion for attorney's fees and costs, awarded $2.5 million in attorney's fees and $169,165.76 for past costs, and approved the reimbursement of up to $100,000 for future expenses incurred in distributing the settlement. Class members were required to submit claims by September 18, 2009. In their report of completion and distribution of settlement fund, the plaintiffs asserted $5,067,786.36 was transferred to the settlement fund administrator for distribution and that the entirety of that sum had been distributed as of June 15, 2010.

Presently, the matter is before the Court on Eddie Donahoo's motion for relief. Mr. Donahoo asserts that he was a student of the Academy of Court Reporting but he was not provided notice of the lawsuit. He contends that after disbursements were made to the plaintiff class members, he submitted picture identification and his social security number to the settlement administrator, but his claim was denied. He seeks $60,000. The Court will assume that Mr. Donahoo was a member of the previously certified class for the purposes of this motion, and his motion will be construed as one for relief from the Court's order overruling objections, approving class settlement, and dismissing case under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment or order for the six following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). Relief from a judgment or order under Federal Rule of Civil Procedure 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *see also* E.D. Mich. LR 7.1(g)(3) ("[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). In order to qualify for relief under Rule 60(b), "a party seeking relief from judgment must show the applicability of the rule." *Ibid*.

A.

Federal Rule of Civil Procedure 60(b)(1) provides that a court may grant relief in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Supreme Court has stated that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993). "In cases that have not been

heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). A motion for relief from an order under Rule 60(b)(1) must be brought "no more than a year after the entry of the . . . order." Fed. R. Civ. P. 60(c)(1). The Court entered the order approving the settlement and dismissing the case on October 15, 2009. Mr. Donahoo's request for relief, which was filed on April 2, 2012, is untimely and must be denied.

B.

Federal Rule of Civil Procedure 60(b)(6) permits the court to grant a motion for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Sixth Circuit has held that a court may grant relief under this rule "'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks*, 250 F.3d at 387). In addition, "something more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011). Although a motion for relief from an order under Rule 60(b)(6) need not be brought within a year of the order, it still "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). A reasonable time depends on the circumstances of each case, including the "length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990); *Smith v. Secretary of Health & Human Servs.*, 776 F.2d 1330, 1333 (6th Cir.1985).

In the present case, the prejudice to the opposing party weighs against finding that Mr. Donahoo's motion was brought within a reasonable time. The defendants paid $7.8 million dollars to settle the claims against them. The Court approved the class settlement on October 6, 2009 and dismissed with prejudice the claims against the defendant. The claim administrator reported that, as of June 15, 2010, the entirety of the settlement fund was distributed to class members to pay timely claims. The Court finds that the prejudice to the defendants from Mr. Donahoo's lengthy delay militates against finding that motion for relief was brought in a reasonable time. The Sixth Circuit has found that delays of similar length were unreasonable. *Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. 2005) (finding that three-year delay was not reasonable); *Suttles v. City of Chattanooga*, 886 F.2d 1316 (6th Cir. 1989) (unpublished) (holding that two and one-half year delay was unreasonable). Therefore, the Court will deny Mr. Donahoo's motion for relief.

Accordingly, it is **ORDERED** that Eddie Donahoo's motion for relief [dkt. #292] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 19, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 19, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL